UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-10-BO

| | |
|---|---|
| FLYING PIGS, LLC, | ) |
| Plaintiff, | ) |
| vs. | )  **ORDER** |
| RRAJ FRANCHISING, LLC, | ) |
| Defendant. | ) |

This matter is before the Court on the plaintiff's motion remand and for costs [DE 12] and the defendant's motion to dismiss for failure to state a claim [DE 10]. A hearing on this matter was held in Raleigh, North Carolina on August 14, 2013. For the reasons stated herein, the plaintiff's motion to remand is DENIED, the defendant's motion is GRANTED, and this matter is DISMISSED.

## BACKGROUND

Truly, this case began with the bankruptcy of Ham's Restaurants, Inc. back in October, 2009 in the Bankruptcy Court for the Eastern District of North Carolina. Chelda, Inc. owned Ham's, which operated restaurants in North Carolina and Virginia. On August 3, 2010, RCR Marketing, LLC, not a party to this matter, purchased all of Ham's interest in the property of the bankruptcy estate, including goodwill, trademarks, licenses, and other intellectual property. A dispute over the exact contents of RCR's purchase, and whether it included marks registered to Chelda, led to a lawsuit between RCR and Chelda, Inc. The disputed marks were registered to Chelda, but used exclusively by Ham's.

1

Prior to RCR's purchase of the bankruptcy estate, plaintiff Flying Pigs instituted a civil action against Chelda in Guilford County Superior Court (No. 10-CVS-4640). This action sought payment of back rent owed by Ham's and Chelda as lessees of a property, owned by Flying Pigs, that then housed the Kinston location of Ham's restaurant. In the course of that action and on July 6, 2010, Flying Pigs obtained a default judgment against Chelda in an amount exceeding $500,000.00. On July 30, 2010, the Guilford County Superior Court granted Flying Pigs an equitable lien against Chelda's registered and unregistered trademarks and associated goodwill in the amount of the default judgment. At the time, the Guilford County Superior Court determined that Chelda's registered marks included: "Ham's Restaurant Since 1935 A Good Time", Serial No. 76444337, Reg. No. 2719333 and "Ham's", Serial No. 74227436, Reg. No. 1716932. On August 10, 2010, Flying Pigs registered its equitable lien with the U.S. Patent and Trademark Office. The plaintiff also filed a UCC financing statement with the North Carolina Secretary of State giving notice of its lien.

As discussed above, it was disputed whether Chelda's registered marks were included in the bankruptcy sale to RCR. At the time of the sale, Bank of North Carolina also held a lien in Chelda's marks and the bank filed suit in the U. S. District Court for the Middle District of North Carolina to assert its lien in those marks (No. 1:10-CV-663). Chelda, aligned as a plaintiff in that dispute, and the bank resolved the matter by entering into a settlement agreement with RCR. The suit was dismissed as a result of that settlement. On March 3, 2011, Chelda assigned its registered marks and associated goodwill to RCR. On June 15, 2011, Bank of North Carolina released its lien on the marks. On September 19, 2011, RCR assigned Chelda's registered marks and associated goodwill to defendant RRAJ.

Plaintiff brought the instant suit to assert its equitable lien rights obtained in the Guilford County civil action. Plaintiff's first claim for relief requested a foreclosure and judicial sale of the asset subject to the equitable lien, pursuant to North Carolina law. The plaintiff's second claim for relief sought injunctive relief that would enjoin the defendant from using the marks at issue following the judicial sale requested in the plaintiff's first claim. This matter was originally filed in Lenoir County Superior Court. The defendant removed the matter to federal district court pursuant to 28 U.S.C. § 1447 on January 17, 2013 alleging that federal question jurisdiction exists. Plaintiff now seeks to have this matter remanded to state court.

## DISCUSSION

I.  PLAINTIFF'S MOTION TO REMAND.

An action is removable to federal court only if it could have been brought in federal court. 28 U.S.C. § 1441(a). An action may be brought in federal court that "arises" under federal law. In other words, federal courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The well-pleaded complaint rule is used to evaluate whether federal question jurisdiction exists over a civil action. That rule requires that whether a case is one arising under the laws of the United States "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance or defenses which it is thought the defendant may interpose." *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983).

There is a complement to the well-pleaded complaint rule: the artful pleading doctrine. Under that rule, removal is proper where the plaintiff has cleverly drafted his complaint so as to

3

obfuscate an important federal question that should properly serve as the basis for jurisdiction. See WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3721 (4th ed.).

As described above, the disputes between the parties are complicated and intertwined with several lawsuits in multiple districts and courts. Here, the defendant argued that federal question jurisdiction exists and removal is proper because adjudication of the plaintiff's claims would require construing ownership of the disputed marks under the Lanham Act. Specifically, in order to prevail the plaintiff must address the question of whether Chelda has abandoned those marks under the Lanham Act. Defendant's position on this issue relates to Chelda's settlement with RCR in the Middle District action and the subsequent dismissal of its claims – a connection that, as discussed below, precludes this Court from considering this matter. In that action, RCR argued that Chelda had abandoned its marks under the Lanham Act. That question – whether Chelda owned the marks – is essential to plaintiff's case and presents a real federal question to this Court. How could the Court resolve the parties' ownership disputes without clarifying Chelda's ownership position? It is of no moment that the plaintiff's complaint did not explicitly present this federal question. As such, this Court has subject matter jurisdiction over this action and the motion to remand is denied.

II. DEFENDANT'S MOTION TO DISMISS.

The doctrine of res judicata is a defense barring a party from alleging a claim that has already been litigated to a final judgment in another action. *Ohio Valley Envtl. Coalition v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (citation omitted). The doctrine also precludes a party from alleging any claim that could have been asserted in that other action. *Id.* To establish the defense of res judicata the defendant must show: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit,

4

and (3) an identity of parties or their privies in the two suits" *Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir. 1997)(citing *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991)).

In order to establish res judicata's first prong the defendant must show that there was a prior adjudication on the merits. A dismissal with prejudice – even one that is voluntary – operates as a final adjudication on the merits for the purpose of establishing res judicata. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001)(noting that the phrase "with prejudice" is an acceptable form of shorthand for "adjudication on the merits."). Here, the Middle District's consent order, consented to by Chelda and BNC, dismissing that action with prejudice serves as a final adjudication on the merits. As such, the defendant has established the first prong of res judicata.

Res judicata's second prong requires an identity of the cause of action in both the earlier and later suits. The establishment of the defense does not depend on establishing a commonality of causes of action, but the second suit must arise out of the same series of transactions as the first suit in order for the first action to have a preclusive effect. *Ohio Valley*, 556 F.3d at 210 (citations omitted) *See also Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156 (4th Cir. 2008). In this context, "transaction" refers to a "natural grouping or common nucleus of operative facts." *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999). Here, the earlier suit arose from a dispute over the ownership of the marks. Specifically, the dispute focused on whether the marks had been acquired by RCR as part of its purchase of Ham's assets at the bankruptcy sale. That issue is central to this lawsuit, which arises out of the same group of facts as the earlier suit. As such, the second prong of res judicata is met.

Finally, res judicata requires the moving party to show that either the same parties, or their privies, appeared in both the earlier and later suits. Although res judicata typically applies

5

only to the parties in the original suit, there are circumstances that support nonparty preclusion. *See Taylor v. Sturgell*, 553 U.S. 880, 892-896 (2008). For example, nonparty party preclusion may be appropriate where a "substantive legal relationship exists, binding the parties (traditional privity)." *Id.* Relationships between preceding and succeeding owners of property, such as the relationship between an assignee and assignor are contemplated by the Taylor court's conception of privity. *See Id.* Here, Flying Pigs and Chelda were in privity by nature of their lease agreement and the equitable lien that resulted from Flying Pigs' state court action. Because defendant has established res judicata, Flying Pigs is precluded from suing on the same cause of action previously dismissed in Chelda's lawsuit in the Middle District.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to remand is DENIED, the defendant's motion is GRANTED, and this matter is DISMISSED. The CLERK IS DIRECTED to close the file.

SO ORDERED.

This the _21_ day of August, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6